3116.000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID S. FINNIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT RALPH EGAN #1485, OTHER AS-YET NAMED OFFICER DEFENDANTS, and CITY OF CHICAGO, an Illinois Municipal Corporation,<br><br>    Defendants. | No.: |

## COMPLAINT

   NOW COMES the Plaintiff, David S. Finnigan, by and through his attorneys, Ekl, Williams & Provenzale LLC , and complaining against the Defendants, Sergeant Ralph Egan, other as-yet named Officer Defendants and City of Chicago, upon information and belief, state as follows:

### Introduction

   1. This action is brought seeking damages to redress the individual and/or concerted conduct of the Defendants which constitute violations of the Plaintiff's rights guaranteed under the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and for violations of Illinois common law for the intentional torts of Malicious Prosecution, Battery and Intentional Infliction of Emotional Distress. Specifically the Plaintiff seeks

recovery of compensatory and exemplary damages for official retaliation for his protected speech, his false arrest and the use of excessive force against him by the individual and/or concerted action, or inaction, of the Defendants that resulted in a malicious prosecution of the Plaintiff for a criminal violation of Illinois law, and his severe and permanent injuries sustained as a result of the individual and/or concerted action of the Defendants physical and verbal brutality of the Plaintiff while he was in police custody after his false detention and arrest both before and after he was handcuffed and defenseless.

## Jurisdiction and Venue

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), as the claims arise out of the same nucleus of operative facts.

## The Parties

3. The Plaintiff, David S. Finnigan, was at all relevant times a resident of the Village of Bartlett, County of DuPage, State of Illinois, and as a citizen of the United States of America enjoyed all rights and liberties guaranteed by the Constitution of the United States of America and all Amendments thereto.

4. The Defendant, Sergeant Ralph Egan, at all relevant times was employed as a Chicago Police Officer and upon information and belief resides within

the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times hereto acted within the scope of his employment and under color of law. He is sued in his individual capacity.

5. Each of the as-yet named Officer Defendants, at all relevant times was employed as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.

6. At all relevant times, the Defendant, City of Chicago, was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment.

## Facts Common to All Counts of the Complaint

7. In the early morning hours of October 13, 2013, the Plaintiff, David S. Finnigan, was at an establishment called "The Underground," located at 56 W. Illinois St., Chicago, Illinois. At this time Plaintiff was not violating any law, statute or ordinance of any jurisdiction.

8. Plaintiff exited "The Underground," crossed Illinois Street and observed that a person whom he was with had been injured and was being treated by paramedics.

9. Plaintiff returned to "The Underground" and asked about other companions that were still inside the establishment.

10. Plaintiff called "911" and eventually observed a Chicago Police Officer arrive at the location.

11. Plaintiff told the officer that Plaintiff was the one that called "911." The officer spoke to personnel from "The Underground."

12. At or about that time, additional officers arrive. Plaintiff observed another companion, Alex Jorge, being placed under arrest. Plaintiff was aware of no circumstances justifying the arrest of Mr. Jorge and felt that Mr. Jorge was being illegally arrested and mistreated, so Plaintiff held up his cell phone to make an audio and audiovisual recording of the arrest that was occurring in public, outside of the "The Underground."

13. Plaintiff was to told to get away or he would be arrested. Plaintiff then put his cell phone away.

14. Plaintiff and his companions that were outside "The Underground" were rounded up, by as-yet identified officer defendants, and directed toward the bus that had arrived to pick them up.

15. While Plaintiff and his companions are being directed toward the bus, Plaintiff held up his cell phone to make an audio and audiovisual recording of the police actions that were occurring in public of the as-yet identified officer defendants directing Plaintiff and his companions toward a bus.

16. As Plaintiff is holding his cell phone, an as-yet identified officer defendant, without any legal justification in the form of probable cause, reasonable articulable suspicion or other factual or legal justification, forcefully grabbed the

cell phone from Plaintiff's possession in retaliation for Plaintiff's protected speech of videotaping and audiotaping the officers performing their official duties in a public place.

17. Thereafter, without any legal justification in the form of probable cause, reasonable articulable suspicion or other factual or legal justification, Plaintiff himself was grabbed by as-yet identified officer defendants, his hands were pulled behind his back and Plaintiff was pushed toward a Chicago Police squad car.

18. While Plaintiff is being arrested, and while his hands are behind his back, Defendant, Ralph Egan, physically assaulted and brutalized Plaintiff by striking Plaintiff in the face with a baton or night stick.

19. During the above events, each of the other officer Defendants, Ralph Egan and as-yet named defendant officers, observed the above retaliation, brutality and/or false arrest of the Plaintiff by the other officers. Despite the reasonable opportunity and the apparent justification for the need to do so, the Defendants, Ralph Egan and/or other as-yet named officer defendants, failed to intervene to prevent the violations of the Plaintiff's Constitutional rights described herein.

20. At no time prior to or during all of the above events had the Plaintiff committed, was committing or was about to commit a violation of any law, statute or ordinance of any jurisdiction.

21. The Plaintiff was transported to the Chicago Police Department, where the Plaintiff was unlawfully and unreasonably detained and searched.

22. Thereafter, the Defendant Ralph Egan, individually and/or in concert with as-yet named defendant officers, prepared and filed false reports and statements. Based upon the false reports and statements, the Plaintiff was charged with one count of misdemeanor Aggravated Assault, one count of misdemeanor Resisting/Obstructing a Peace Officer and one count of misdemeanor Disorderly Conduct under Illinois Law.

23. Upon being released from police custody, on October 13, 2013, Plaintiff was advised that his cell phone was not included in his property items, and Plaintiff has not been able to locate the phone.

24. Plaintiff asked the Chicago Police to make a theft report for the cell phone that was forcefully taken from his hand by a police officer. The request was denied.

<u>Count I</u>
Fourth Amendment Violation
Unlawful Detention and False Arrest (Conspiracy)
42 U.S.C. §1983

25. Plaintiff incorporates herein ¶¶3 through 24, above, as though fully set forth hereunder.

26. At all relevant times, the Plaintiff, David S. Finnigan, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

27. At all relevant times, the Defendants, Ralph Egan, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff, David S. Finnigan, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification.

28. In furtherance of said agreement, the Defendant, Ralph Egan and/or other as-yet unknown defendant officers, unlawfully detained and arrested the Plaintiff, manufactured and fabricated evidence against him and failed to intervene in observed constitutional violations by other defendants.

29. At all times relevant hereto, the Defendant, Ralph Egan and/or other as-yet named officer defendants, were acting under color of law and within the scope of each's employment, and their individual and/or concerted conduct as described hereinabove was unreasonable and without any lawful justification.

30. Defendant's individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendant, Ralph Egan for compensatory and punitive damages in a sum in

excess of $100,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### Count II
Fourth Amendment Violation
Excessive Force (Conspiracy)
42 U.S.C. §1983

31.	Plaintiff incorporates herein ¶¶3 through 30, above, as though fully set forth hereunder.

32.	At all relevant times, the Plaintiff, David S. Finnigan, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property, including freedom from the use of unreasonable and/or excessive force against him.

33.	At all relevant times, the Defendant, Ralph Egan, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to effect the unlawful and unreasonable use of force against the Plaintiff, David S. Finnigan, without lawful justification.

34.	In furtherance of said agreement, the Defendant, Ralph Egan and/or other as-yet unknown defendant officers, unlawfully physically assaulted and/or brutalized the Plaintiff and manufactured and fabricated evidence against him and failed to intervene in observed constitutional violations by other defendants.

35. As described above, the conduct of the Defendants, Ralph Egan and other as-yet named officer defendants, was under color of law and within the scope of employment, and was not objectively reasonable and constituted an unreasonable seizure and excessive use of force in violation of the Fourth Amendment to the Constitution of the United States.

36. As the proximate result of the individual and/or concerted unlawful and excessive use of force by the Defendant, Ralph Egan and/or other as yet unknown defendant officers, which violated the rights of the Plaintiff, the Plaintiff has suffered, and continues to suffer, severe damages including personal injury, loss of reputation, mental anguish, emotional distress and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendant, Ralph Egan, for compensatory and punitive damages in a sum in excess of $100,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### Count III
Fourth Amendment Violation
Failure To Intervene
42 U.S.C. §1983

37. Plaintiff incorporates herein ¶¶3 through 36, above, as though fully set forth hereunder.

38. At all relevant times, the Plaintiff, David S. Finnigan, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United

KAH/MN (9/11/14)
J:\MARY\CLIENT FILES\FINNIGAN.3116.000\05 PLEADINGS\CAL.FINAL.wpd

Page 9 of 17

States to be free from unreasonable searches and seizures and to be secure in his personal effects and property, including the use of excessive force against him.

39. During the events described above, each of the officer Defendants, Ralph Egan and/or other as-yet unknown defendant officers, stood by and failed to intervene to prevent the unconstitutional arrest and physical violence to which Plaintiff was being subjected at the hands one or more of the other Defendant officers.

40. As the proximate result of the failure of Defendant, Ralph Egan and/or other as-yet unknown defendant officers, to intervene on behalf of the Plaintiff to prevent his unlawful arrest and the use of excessive force against him, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendant, Ralph Egan, for compensatory and punitive damages in a sum in excess of $100,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### Count IV
### First Amendment Violation
### Free Speech - Conspiracy

41. Plaintiff incorporates herein ¶¶3 through 40, above, as though fully set forth hereunder.

42. At all relevant times, the Plaintiff, David S. Finnigan, enjoyed and possessed a right under the First Amendment to the Constitution of the United

States to exercise his right to free speech, including the freedom to make an audio and audiovisual recording of a police officer performing his duties in public.

43. At all relevant times, the Defendant, Ralph Egan and/or other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to prevent the Plaintiff, David S. Finnigan, **from recording the public arrest by police officers of another**, without lawful justification.

44. In furtherance of said agreement, the Defendant, Ralph Egan and/or other as-yet unknown defendant officers, unlawfully and by force intentionally took the Plaintiff's cell phone from his hand and either still have it or intentionally destroyed it.

45. As described above, the conduct of the Defendant, Ralph Egan and/or other as-yet unknown defendant officers, was under color of law and within the scope of employment, and violated Plaintiff's right to free speech, including the right to record a police officer arresting an individual in public, in violation of the First Amendment to the Constitution of the United States.

46. As the proximate result of the individual and/or concerted unlawful infringement on Plaintiff's right to free speech, including the ability to record a police officer arresting an individual in public, by the Defendant, Ralph Egan and/or other as-yet unknown defendant officers, which violated the rights of the Plaintiff, the Plaintiff has suffered, and continues to suffer, severe damages including

personal injury, loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendant, Ralph Egan, for compensatory and punitive damages in a sum in excess of $100,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

<u>Count V</u>
Illinois State Common Law
Malicious Prosecution - Conspiracy

47. Plaintiff incorporates herein ¶¶3 through 46, above, as though fully set forth in this paragraph.

48. At all relevant times, the Defendants lacked probable cause to detain, arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of any jurisdiction.

49. At all relevant times, the Defendants were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents and employees.

50. At all relevant times, the Defendant, Ralph Egan, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to falsely and maliciously charge the Plaintiff with a violation of the Illinois Criminal Code without probable cause to do so.

51. As set forth above, and in furtherance of said agreement, the Defendant, Ralph Egan, as well as other as-yet unknown co-conspirators, falsified police reports, filed false criminal charges initiating judicial proceedings, and fabricated incriminating evidence.

52. As set forth above, the criminal charges filed through the individual and/or concerted actions of the Defendant, Ralph Egan and as-yet unknown defendant officers, were filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff.

53. As the proximate result of the false and malicious prosecution as set forth above, the Plaintiff has suffered and will continue in the future to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendant, Ralph Egan, for compensatory and punitive damages in a sum in excess of $100,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**Count VI**
Illinois State Common Law
Battery - Conspiracy

54. Plaintiff incorporates herein ¶¶3 through 53, above, as though fully set forth in this paragraph.

55. On October 13, 2013, the Defendants, through individual and/or concerted action, accomplished an unlawful result through concerted action in that they agreed, through explicit or implicit means, to cause bodily harm to the Plaintiff

without any lawful justification to do so.

57. In furtherance of said agreement, the Defendant, Ralph Egan, intentionally made contact of a physical nature with the Plaintiff causing him severe injuries, and other as-yet unknown Defendant officers, intentionally failed to intervene to protect the Plaintiff, and subsequent to these events made false statements concealing the occurrence and fabricated incriminating evidence.

57. In furtherance of said agreement, other as-yet unknown officer defendants, intentionally made contact of a physical nature with the Plaintiff causing him severe injuries, and the Defendant, Ralph Egan and/or other as-yet unknown Defendant officers, intentionally failed to intervene to protect the Plaintiff, and subsequent to these events made false statements concealing the occurrence and fabricated incriminating evidence.

58. As a proximate result of the aforesaid intentional acts and/or failures to act of the Defendants, individually and/or in concert, the Plaintiff has suffered, and will continue in the future to suffer, injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendant, Ralph Egan, for compensatory and punitive damages in a sum in excess of $100,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

<u>Count VII</u>
Illinois State Common Law
Intentional Infliction of Emotional Distress - Conspiracy

59. Plaintiff incorporates herein ¶¶3 through 58, above, as though fully set forth in this paragraph.

60. On and after October 13, 2013, the Defendants, through individual and/or concerted action, accomplished an unlawful result through concerted action in that they agreed, through explicit or implicit means, to cause bodily harm to the Plaintiff without any lawful justification to do so and to falsely and maliciously arrest and prosecute him.

61. In furtherance of said agreement, the Defendants falsely and maliciously detained, arrested and charged the Plaintiff with a violation of the Illinois Criminal Code, Defendant, Ralph Egan, intentionally made contact of a physical nature with the Plaintiff causing him severe injuries, and as-yet unknown Defendant officers, intentionally failed to intervene to protect the Plaintiff, and subsequent to these events all Defendants made false statements concealing their individual and/or concerted conduct and fabricated incriminating evidence.

62. In furtherance of said agreement, the Defendants falsely and maliciously detained, arrested and charged the Plaintiff with a violation of the Illinois Criminal Code, as-yet unknown officer defendants, intentionally made contact of a physical nature with the Plaintiff causing him severe injuries, and the Defendant, Ralph Egan and other as-yet unknown officer defendants, intentionally failed to intervene to protect the Plaintiff, and subsequent to these events all

Defendants made false statements concealing their individual and/or concerted conduct and fabricated incriminating evidence.

63. The above described conduct is extreme and outrageous and committed with the intent to cause, or with awareness of the high probability that it would cause, the Plaintiff extreme emotional distress.

64. As a proximate result of the above described conduct of the Defendants, the Plaintiff has suffered, and will in the future continue to suffer, severe damages, including extreme emotional distress and pecuniary injuries.

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendant, Ralph Egan, for compensatory and punitive damages in a sum in excess of $100,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### Count VIII
State Law – Indemnity

65. Plaintiff incorporates by reference herein ¶¶3 through 64 above, as though fully set forth herein.

66. At all relevant times, Defendant, Ralph Egan and other as-yet unknown officer Defendants, were acting on behalf of and/or within the scope of their employment with the Defendant, City of Chicago.

67. As a result of Defendants' conduct, Plaintiff is seeking monetary damages, attorney's fees, costs and interest.

68. Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable. 745 ILCS 10/9-101 (West 2013).

WHEREFORE, the Plaintiff, David S. Finnigan, demands judgment against the Defendants, City of Chicago, as indemnor, for compensatory damages awarded against or agreed to be paid by the Defendant, Ralph Egan, as such amounts may be adjudged or determined, that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

*Plaintiff demands trial by jury on all issues so triable.*

Respectfully submitted by:
By: **s/ Patrick L. Provenzale**
Patrick L. Provenzale, Atty No: 6225879
Kevin A. Halverson, Atty No: 6225110
Ekl, Williams & Provenzale LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 *Facsimile*
pprovenzale@eklwilliams.com
khalverson@eklwilliams.com